# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JERMEL MEANS,**

       **Petitioner,**

       v.

                                       **Case No. 05-C-1279**

**STATE OF WISCONSIN,**

       **Respondent.**

## DECISION AND ORDER

On December 12, 2005, the Court received the habeas petition of Jermel Means ("Means"), which is now before the Court for Rule 4 review. Means's petition states that, on January 4, 2002, he was sentenced in the circuit court of Milwaukee, Wisconsin, to sixty years imprisonment for the crime of first degree intentional homicide. Means claims that the circuit court utilized a defective procedure in eliciting his plea of guilty. Specifically, Means alleges that (1) the court failed to inquire properly whether he understood that, by entering a plea of guilty, he was withdrawing his special plea of not guilty by reason of mental disease or defect; and (2) he never indicated that he desired to withdraw his special plea. A claim of defective plea is the only ground for relief identified in Means's petition.

Section 2254 of Title 28 of the Untied States Code requires courts to entertain any applications for writs of habeas corpus from an individual in custody "pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the Untied States." 28 U.S.C. § 2254(a). Having reviewed Means's petition, the Court is satisfied that he is in custody pursuant to the judgment of a Wisconsin state court.

Section 2254 also requires petitioners to exhaust available state remedies. 28 U.S.C. § 2254(b). Means's petition indicates that, on June 30, 2004, a Wisconsin court of appeals ruled that the circuit court did not err when it denied Means's post-conviction motion to withdraw his guilty plea. A copy of that decision is attached to Means's petition. Also appended to the petition is an order from the Supreme Court of Wisconsin denying Means's petition for review. Based on these filings, the Court finds that Means has exhausted the state remedies available to him.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing Sec. 2254 Cases in the United States District Courts, Rule 4.

It is well-established that a plea of guilty must be intelligent and voluntary to be valid. *Brady v. United States*, 397 U.S. 742, 747 n.4 (1970); *United States v. Bradley*, 381 F.3d 641,

2

645 (7th Cir. 2004). Means states that "[t]he record indicates that the plea taking court failed to properly inquire as to whether Mr. Means understood that by entering his guilty plea he was also withdrawing his special plea of not guilty by reason of mental disease or defect." (Petition 8.) He also claims that he did not "personally indicate to the Court that he desire [sic] to withdraw the Special Plea." (*Id.*) Means is not saying that he was not competent to enter the guilty plea. Rather, he asserts that the Court did not make clear that by entering that plea, he was withdrawing the mental defect plea. Means also argues that he did not express a desire to withdraw his special plea.

The Wisconsin court of appeals' decision quotes from Means's plea hearing. The appellate court stated:

> Near the end of the plea colloquy, the assistant district attorney said: "So the record is clear, Mr. Means had entered a special [NGI] plea in this case. He had been examined by two doctors, neither of which [sic] supported the special plea, and I believe that Mr. Means has withdrawn his special plea as well." Means' attorney agreed with the prosecutor's statement. The court then stated, "Mr. Means, just so you clearly understand that special plea of not guilty by reason of mental disease or defect has been withdrawn, and that we did that on the last court date. Do you understand that?" Means replied "yes." Means' attorney then clarified that she was uncertain whether the NGI plea had been formally withdrawn at the last hearing, but she acknowledged that the NGI plea was withdrawn "by virtue of the guilty plea."

*Wisconsin v. Means*, Nos. 03-1317-CR, 03-1997-CR, at * 4 (Wis. Ct. App. June 30, 2004). The record, as cited by the Wisconsin court of appeals, clearly shows that the circuit court specifically inquired whether Means understood that he was withdrawing his special plea related to mental disease or defect. Thus, Means's first argument is unavailing.

3

Means also claims that he never personally indicated to the Court that he desired to withdraw the special plea. This argument presents certain nuances. The above-quoted portion of the plea colloquy found in the court of appeals' decision establishes that Means understood that his special plea was withdrawn. Literally, the circuit court's question–as contained in the above block quote– sought to determine whether Means understood a certain factual scenario, i.e., that his special plea was withdrawn. Accordingly, Means's response simply evinced a recognition of that fact. Strictly speaking, Means's response is not tantamount to a statement that he *wished* to withdraw that special plea.

Though this literalist argument may have some appeal, it is strained. At the plea colloquy, the district attorney indicated that Means had withdrawn his special plea. Means's attorney concurred. The circuit judge then questioned Means to ensure that he understood what was being withdrawn. Means expressed understanding. Means thinks that there is a constitutional requirement that the circuit judge ask a specific question regarding his intention. This is not the case; Means's intentions were expressed first by his counsel and second, by his response to the circuit judge's inquiry.

4

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Means' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person In State Custody is **DISMISSED** with prejudice.

The Clerk of Court **SHALL** notify Means that his habeas petition has been dismissed.

The Clerk of Court **SHALL** enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 24th day of February, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**